Oswald A. Schlegel, Respondent, *v.* Chase National Bank of the City of New York, as Executor of Rose G. Stern, Deceased, Appellant, et al., Defendants.

*Per Curiam.* Plaintiff has obtained a judgment sustaining his claim that one Rose G. Stern, now deceased, had shortly before her death made a gift to him of six bank accounts. The basis of the award was a finding that the bank books had been enclosed in an envelope on which was indorsed, in decedent's handwriting, "Property of Oswald Schlegel, 805 Madison Ave. New York."

The making of the gift was sought to be established largely by the testimony of two witnesses. The physician attending the decedent in her last illness testified to a conversation with decedent in which she had pointed to a closet in her room and stated in verbatim that there were some bank books in there that she had given to plaintiff, but plaintiff had been too much of a gentleman to take the books away. The witness, however, did not see any books, nor was there any reference to the number of books, or any other description to identify them.

There was further testimony by an office associate of plaintiff that on a certain day about two weeks before the decedent's death, plaintiff produced an envelope bearing the inscription, "Property of Oswald Schlegel, 805 Madison Ave. New York", from which he took bank books thought to be about six in number and spread them on the desk in front of the witness. This witness, however, did not attempt to identify any of the bank books in suit as those shown to him, saying that he did not pay any particular attention to them.

Plaintiff was permitted to testify that he had no bank accounts or bank books of his own. A handwriting expert showed that the inscription on the envelope was that of decedent.

The other testimony in the case added nothing of value to the question involved.

We think that this proof falls short of the clear and satisfactory or convincing evidence required to establish a gift (*Matter of Van Alstyne,* 207 N. Y. 298). There was insufficient proof to show that the bank books in suit were ever in the inscribed envelope, or that the envelope or these particular books were in the closet, or any other neutral place. Likewise, the proof did not show that the books displayed to the office associate were either the books in suit or those which had been in the closet.

The plaintiff was undoubtedly the object of decedent's bounty for she gave him a specific legacy and made him life beneficiary of a trust under the residuary clause of her will. She also appointed him as one of the executors and trustees under the will. In this action plaintiff, however, seeks to establish his ownership of bank accounts exceeding $47,000 as donee of a gift *inter vivos.* We think that he failed to prove his claim by the degree of proof required to establish such a gift.

The judgment appealed from should be reversed, with costs and disbursement, and the complaint dismissed.

Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and judgment is directed to be entered dismissing the complaint herein, with costs.